**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**DEAN A. TRAN,**<br><br>**Defendant.** | **Criminal No.**<br>**23-10299-FDS** |

**ORDER ON MOTION TO CONSOLIDATE AND CONTINUE**

**SAYLOR, C.J.**

Defendant Dean Tran has moved to consolidate this case with a recently filed case against him and his sister, *United States v. Dean A. Tran and Tuyet T. Martin*, Docket Number 24-CR-10178, and to continue the trial, which is presently scheduled to begin on September 3, 2024. For the reasons set forth below, defendant has not established that he will suffer undue prejudice if the motion is not granted or that the proposed consolidation would promote judicial efficiency and economy.

Defendant contends that his right to testify would be "unduly cramped and impermissibly burdened" if he were subject to two trials. (ECF No. 46). He has not, however, provided any details as to why that might be true. Even where a defendant seeks to sever charges based on a claim of impermissible burden on his right to testify, the defendant may not rely on a conclusory claim of prejudice; instead, he must "present enough information regarding the nature of the testimony he wishes to give on one count and his reasons for not wishing to testify on the other to satisfy the court that the claim of prejudice is genuine and to enable [the court] intelligently to weigh the considerations of economy and expedition in judicial administration against the

defendant's interest in having a free choice with respect to testifying." *United States v. Tracy*, 989 F.2d 1279, 1283 (1st Cir. 1993) (internal citations omitted). *See United States v. Monteiro*, 871 F.3d 99, 108 (1st Cir. 2017) (finding that the defendant's right to testify was not prejudiced because the defendant failed to establish a "real and substantial prejudice"). If that is the standard governing a request for *severance* of claims, it is difficult to imagine why a request for *consolidation* of claims should be granted more readily. In any event, defendant has provided no factual basis from which the Court could reasonably conclude that the defendant's testimonial right, or indeed any other right, would be unduly prejudiced.

Furthermore, the proposed consolidation would not promote judicial efficiency and economy. Defendant contends that all of the charges against him from both cases should be consolidated, but that the charges against his co-defendant Tuyet Martin should be severed and proceed separately. Defendant thus proposes that the court should still hold two trials, which means that there will be little, if any, efficiency resulting from consolidating the charges as to him.

Finally, defendant's request for a continuance, to the extent he intends to press it, may be denied summarily. Defendant was indicted on November 16, 2023, and arrested the next day. The government produced its automatic discovery on December 14, 2023, and supplemental discovery on February 8, 2024. (ECF No. 19). The Court set the trial date of September 3 on June 14, 2024, nearly three months in advance, and counsel have put forth no reason why that schedule is unfair or unreasonable or would prevent or interfere with counsel's ability to mount an effective defense.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court

Dated: August 9, 2024