UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES of AMERICA** ) | |
| ) | **Criminal No.** |
| v. ) | **23-10299-FDS** |
| ) | |
| **DEAN A. TRAN,** ) | |
| ) | |
| **Defendant.** ) | |

### MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS INDICTMENT FOR GRAND JURY MISCONDUCT AND USE OF PRIVILEGED INFORMATION

**SAYLOR, C.J.**

This is a criminal case arising from alleged wire fraud and filing of false tax returns. According to the indictment, defendant Dean A. Tran submitted fraudulent claims for Pandemic Unemployment Assistance ("PUA") while working and receiving income as a consultant. The indictment also alleges that he willfully underreported his income on federal tax returns for the years 2020, 2021, and 2022.

Defendant has moved to dismiss the indictment on the ground that the government improperly obtained and disclosed "privileged" information to the grand jury. Specifically, defendant objects to the government's use of (1) an "Excess Wage Report" obtained from the New Hampshire Department of Revenue, (2) records obtained from the Massachusetts Division of Unemployment Assistance, and (3) his federal tax returns.

The motion to dismiss is entirely without merit. The government was authorized by statute to obtain all of the challenged evidence, and that evidence is not otherwise subject to any statutory or common-law privilege that would preclude its presentation to a federal grand jury.

First, the United States Department of Labor – Office of the Inspector General ("DOL-OIG") is expressly empowered by statute to "request such information or assistance as may be necessary for carrying out [its duties and responsibilities] from any Federal, State, or local governmental agency or unit thereof . . . ." 5 U.S.C. § 406(a)(3). The duties of the DOL-OIG include the detection, investigation, and prevention of fraud and abuse in programs administered or funded by the Department of Labor. *See* 5 U.S.C. § 404(a). The PUA program is administered and funded by the United States Department of Labor. U.S. Dep't of Lab., Unemployment Insurance Program Letter No. 16-20 (Apr. 5, 2020). Accordingly, in furtherance of its investigation into defendant's alleged fraud upon the PUA program, the DOL-OIG was authorized by statute to request and receive the challenged records from both the New Hampshire Department of Revenue and the Massachusetts Division of Unemployment Assistance.

Second, the Department of Justice is expressly empowered by statute to disclose to federal grand juries the tax returns of an individual whose criminal liability as a taxpayer is being investigated. 26 U.S.C. 6103(h)(2). The Department of Justice is further authorized to share tax-return information with "officers and employees of [other] Federal agenc[ies] . . . working under the direction of . . . the Department of Justice . . . ." 26 C.F.R. § 301.6103(h)(2). The government was therefore authorized by statute to present defendant's tax returns to the grand jury and to share them with DOL-OIG.

For the foregoing reasons, defendant's motion to dismiss the indictment is DENIED.

**So Ordered.**

Dated: August 26, 2024

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court

2