UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 23-10299-FDS |
| ) | |
| DEAN A. TRAN, ) | |
| ) | |
| Defendant ) | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO QUALIFY AGENT AS EXPERT

The government opposes defendant Tran's motion seeking to qualify Special Agent Rosen as an expert (Dkt. No. 97) (hereinafter, "Def. Mot."). Because the Def. Mot. fails to specify what subject matter and opinion it seeks to elicit from Agent Rosen, it should be denied.

**TRAN Meets None of the Necessary Requirements for Rule 702**

> Under Rule 702, district courts considering the admissibility of expert testimony must "act as gatekeepers, ensuring that an expert's proffered testimony 'both rests on a reliable foundation and is relevant to the task at hand.'" *Samaan v. St. Joseph Hosp.*, 670 F.3d 21, 31 (1st Cir. 2012) (*quoting Daubert*, 509 U.S. at 597). That gatekeeping function requires that the court consider three sets of issues: (1) whether the proposed expert is qualified by "knowledge, skill, experience, training or education"; (2) whether the subject matter of the proposed testimony properly concerns "scientific, technical, or other specialized knowledge"; and (3) "whether the testimony [will be] helpful to the trier of fact, i.e., whether it rests on a reliable foundation and is relevant to the facts of the case." *Bogosian v. Mercedes-Benz of N. Am., Inc.*, 104 F.3d 472, 476 (1st Cir. 1997) (quoting Fed. R. Evid. 702) (internal quotation marks omitted).

In re: Zofran, 2019 WL 5685269 (D. Mass. 2019).

At the outset, Tran fails to identify what opinion he seeks to elicit from Agent Rosen. Without specifying the subject matter that Tran intends to elicit, it cannot be determined whether

Agent Rosen possesses the necessary experience and training to testify as to such matter. Therefore, defendant Tran has failed to meet the first prong necessary for expert qualification.

Second, because Tran has failed to identify the subject matter for which he intends to introduce expert testimony, it is impossible to determine whether the subject matter even concerns Agent Rosen's area of purported expertise. Tran has thus failed to meet the second prong necessary for expert testimony.

And third, because Tran identifies no subject matter for his proposed expert testimony, it is impossible determine whether Agent Rosen's proposed expert testimony will even be helpful to the trier of fact, i.e., resting upon a reliable foundation and relevant to the facts of the case. Because defendant Tran fails to meet any of the three prongs required by Rule 702, his motion should be denied.

### Tran's Motion is Another Attempt to Introduce Legal Opinion Testimony

Based on defendant Tran's previous filing, "Proffer Regarding Tran's Eligibility for PUA Benefits," (Dkt. No. 84), it appears as if Tran is seeking a second bite at his failed attempt to introduce impermissible legal opinion testimony in the case. In other words, he is attempting to have Agent Rosen testify that the defendant "is eligible [to receive PUA] despite 'working' as a contact consultant and receiving income." *See* DE 84 at 4.

For the same reasons that such testimony is improper and inadmissible – i.e., Tran is seeking to have Agent Rosen opine as to a factual determination for the jury (see government's response to DE 84 at DE 88 at 2) – defendant's motion to qualify Agent Rosen as an expert to offer such testimony should be denied. Moreover, to the extent that defendant Tran is seeking to usurp the role of the Court in testifying as to a legal opinion – i.e., a finding that Tran was eligible to receive PUA under the facts at bar – this too is improper and should be denied.

**Conclusion**

Therefore, and for all the foregoing reasons, Tran's motion to qualify Special Agent Rosen should be denied.

                                              Respectfully submitted,

                                              JOSHUA S. LEVY
                                              Acting United States Attorney

                                   By: */s/ Dustin Chao*
                                              DUSTIN CHAO
                                              JOHN T. MULCAHY
                                              Assistant U.S. Attorneys

**Certificate of Service**

I certify that, on September 8, 2024, this document was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and mailed to the defendant via U.S. mail or other postage delivery service.

                                              */s/ Dustin Chao*
                                              Dustin Chao