UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES of AMERICA )<br>)<br>v. )<br>)<br>DEAN A. TRAN, )<br>)<br>      Defendant. ) | Criminal No.<br>23-10299-FDS |

MEMORANDUM AND ORDER ON DEFENDANT'S MOTION
FOR ORDER ALLOWING POST-TRIAL CONTACT WITH JURORS

**SAYLOR, C.J.**

In September 2024, after a seven-day trial, defendant Dean Tran was convicted by a jury of 20 counts of wire fraud in violation of 18 U.S.C. § 1343 and three counts of filing false tax returns in violation of 26 U.S.C. § 7206(1). The jury reported that it was unable to reach a verdict as to five counts of wire fraud, and the government dismissed those five counts soon after the jury returned its verdict. Defendant's sentencing is currently scheduled for December 11, 2024.

Two weeks after the verdict, defendant renewed his motion for a judgment of acquittal under Fed. R. Crim. P. 29(c). Defendant has now filed a motion, unaccompanied by any supporting memorandum of law, seeking an order authorizing defense counsel to "solicit post-trial contact with the jurors." For the following reasons, that request will be denied.

The First Circuit has long "prohibit[ed] the post-verdict interview of jurors by counsel, litigants or their agents except under the supervision of the district court, and then only in such extraordinary situations as are deemed appropriate." *United States v. Kepreos*, 759 F.2d 961, 967 (1st Cir. 1985). "Extraordinary situations" appropriate for post-verdict jury interview are

generally limited to cases with strong evidence that a jury improperly reached a verdict. *See United States v. Boylan*, 898 F.2d 230, 258 (1st Cir. 1990). As there is no indication that the jury improperly reached a verdict, that there was any juror misconduct, or that this case is otherwise an "extraordinary situation" appropriate for post-verdict interviews, the motion is DENIED.

**So Ordered.**

Dated: November 12, 2024

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court